RECEIPT # 55193
AMOUNT $ 192.—
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 4-13-04

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

04 10744 RWZ

| | |
|---|---|
| BEVERLEE SCHWEIGHARDT and JOSEPH G. SCHWEIGHARDT, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLES D. AXELROD, Trustee for the Liquidation of W.S. Clearing, Inc., <br><br> Defendant. | MAGISTRATE JUDGE RBC <br> Case No. <br><br> NOTICE OF REMOVAL OF CIVIL ACTION |

Defendant Charles D. Axelrod (the "Trustee"), as Trustee for the liquidation of W.S. Clearing, Inc., hereby removes this civil action to the United States District Court for the District of Massachusetts, and in support thereof, respectfully shows and alleges the following:

1. The Trustee, in his capacity as a trustee appointed under the Securities Investor Protection Act ("SIPA"), is a defendant in a civil action commenced on or about March 25, 2004 in Superior Court of the Commonwealth of Massachusetts for Barnstable County under Civil Action No. 04-162 entitled <u>Beverlee Schweighardt and Joseph G. Schweighardt, Plaintiffs, versus Charles D. Axelrod, Trustee for the Liquidation of W.S. Clearing, Inc., Defendant</u>. A copy of the Verified Complaint and Jury Demand (the "Complaint") which commenced the aforesaid civil action is attached hereto as Exhibit A, and together with: Plaintiffs' allowed *Ex Parte* Motion for Endorsement of Memorandum of *Lis Pendens*; the Memorandum of *Lis Pendens*; a Civil Action Cover Sheet, the Summons; and an Affidavit of Notice of Memorandum of *Lis Pendens*, which are submitted herewith as Exhibit, constitutes the entire record of all papers served and filed in the civil action.

## Basis for Federal Jurisdiction

2. The Trustee was duly appointed as the trustee for the liquidation of W.S. Clearing, Inc. under SIPA by the United States District Court for the Central District of California. The United States District Court for the Central District of California has exclusive jurisdiction over the liquidation and "of any suit against the Trustee with respect to [the] liquidation proceeding" pursuant to Section 5(b) of SIPA. 15 U.S.C. § 78eee(b)(2)(A)(ii) & (4).

3. The Trustee is being sued in his official capacity for allegedly wrongful action he has taken to recover judgments of the United States Bankruptcy Court for the Central District of California, and affirmed by the United States District Court for the Central District of California and the United States Court of Appeals for the Ninth Circuit, entered against the plaintiffs for the benefit of the estate for which he serves as Trustee under SIPA. Accordingly, the Trustee is an officer of the courts of the United States who may properly remove this action, which challenges acts taken by the Trustee under color of his office and in the performance of his duties, pursuant to 28 U.S.C. § 1442(a)(3).

4. Further, under 15 U.S.C. 78eee(b)(2)(ii) and (4), the federal courts, and specifically the federal courts in the Central District of California, have exclusive jurisdiction of any suit against a SIPA trustee with respect of a liquidation proceeding under SIPA, and this case is accordingly a civil action brought in a state court of which the courts of the United States have original (indeed, exclusive), jurisdiction, and the action may be removed pursuant to 28 U.S.C.§ 1441(a).

5. In addition, plaintiffs allege that the Trustee has violated their rights under the Fourteenth Amendment of the Constitution of the United States, see Count II of Complaint, ¶¶40-49, and removal is appropriate under 28 U.S.C. §§ 1331, 1441(a), (b), and (c).

6. From the face of the Complaint, it is also apparent that the parties are citizens of different states; that the amount in controversy exceeds $75,000 exclusive of interest and costs; and that no defendant is a citizen of the Commonwealth of Massachusetts. Accordingly, removal is also appropriate under 28 U.S.C. §§ 1332(a)(1) and 1441(a), (b), and (c).

## Timeliness of Removal

7. A copy of the Complaint was delivered to the Boston office of the Trustee's counsel, LeBoeuf, Lamb, Greene & MacRae, L.L.P., on March 26, 2004. This removal is timely under 28 U.S.C. § 1446(b) since less than 30 days have elapsed since the Trustee, through his counsel, learned of the Complaint. Aside from the delivery of the Complaint and the service and filing of an *Ex Parte* Motion for Endorsement of Memorandum of Lis Pendens, the allowance of that Motion, and the service and filing of an Affidavit of Memorandum of *Lis Pendens* no further proceedings have been had in this matter.

Wherefore, the Trustee respectfully gives notice that this action has been properly removed to this Court.

Dated: Boston, Massachusetts
April 9, 2004

LeBOEUF, LAMB, GREENE & MacRAE, L.L.P.

By _____
Mark A. Walsh (BBO No. 567986)
260 Franklin Street
Boston, Massachusetts 02110
(617) 748-6800

Attorneys for Charles D. Axelrod, Trustee
for the liquidation of W.S. Clearing

3