# Commonwealth of Massachusetts

BARNSTABLE, ss.

SUPERIOR COURT

I, Scott W. Nickerson, Clerk-Magistrate of the Superior Court within and for said County of Barnstable, having, by law, the custody of the seal and all the records, books, documents and papers of, or appertaining to said Court, hereby certify that the papers hereto annexed are true copies of the papers appertaining to said Court, and on file and of record in the Office of said Court, relating to the case of JOSEPH SCHWEIGHARDT et al vs. CHARLES D. AXELROD, TRUSTEE, case #04-162

In witness whereof, I have hereunto set my hand and the seal of said Court, this twenty-ninth day of April in the year of our Lord two thousand four.

_____ Clerk-Magistrate

**Commonwealth of Massachusetts**
BARNSTABLE SUPERIOR COURT
Case Summary
Civil Docket

## BACV2004-00162
### Schweighardt et al v Axelrod Trustee

| | | | |
|---|---|---|---|
| **File Date** | 03/25/2004 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 04/26/2004 | **Session** | A - Civil A- Barnstable Superior Court |
| **Origin** | 1 | **Case Type** | D13 - Declaratory judgement (231A) |
| **Lead Case** | | **Track** | A |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 06/23/2004 | **Answer** | 08/22/2004 | **Rule12/19/20** | 08/22/2004 |
| **Rule 15** | 06/18/2005 | **Discovery** | 05/14/2006 | **Rule 56** | 07/13/2006 |
| **Final PTC** | 11/10/2006 | **Disposition** | 03/25/2007 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Joseph Schweighardt
179 Alder Avenue
Active 03/25/2004

**Private Counsel 644829**
Robert L Harris
Brown Rudnick Berlack Israels LLP
1 Financial Center
Boston, MA 02111
Phone: 617-856-8200
Fax: 617-856-8201
Active 03/25/2004 Notify

**Plaintiff**
Beverlee Schweighardt
179 Alder Avenue
Active 03/25/2004

*** See Attorney Information Above ***

**Defendant**
Charles D Axelrod Trustee
Service pending 03/25/2004

**Private Counsel 567986**
Mark A Walsh
LeBoeuf Lamb Greene & MacRae
260 Franklin Street
Boston, MA 02110
Phone: 617-439-9500
Fax: 617-439-0341
Active 04/29/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 03/25/2004 | | Filing fee paid in the amount of $275.00 including $20.00 security fee. |
| 03/25/2004 | 1.0 | COMPLAINT & civil action cover sheet |
| 03/25/2004 | | Origin 1, Type D13, Track A., copy to atty |
| 03/25/2004 | 2.0 | MOTION: Plaintiffs' ex parte for memorandum of lis pendens |
| 03/25/2004 | | Motion (P#2) ALLOWED (Richard T. Moses, Justice) |
| 03/25/2004 | 3.0 | MEMORANDUM AND ORDER re: lis pendens (Richard T. Moses, Justice)(copy to atty) |
| 04/21/2004 | 4.0 | NOTICE: of removal to United States District Court for the District of Massachusetts by Trustee |

MAS-20040305
birelyka

**Commonwealth of Massachusetts**
**BARNSTABLE SUPERIOR COURT**
Case Summary
Civil Docket

04/29/2004
09:23 AM

## BACV2004-00162
## Schweighardt et al v Axelrod Trustee

| Date | Paper | Text |
|------|-------|------|
| 04/26/2004 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 03/25/2005 | Civil A- Barnstable Superior | Status: Clerk Follow UP<br>Anniversary date | Event canceled not re-scheduled |

case01 216636 y y y y y y

# Commonwealth of Massachusetts
## County of Barnstable
## The Superior Court

CIVIL DOCKET# **BACV2004-00162-A**

RE: **Schweighardt et al v Axelrod Trustee**

TO:Robert L Harris, Esquire
Brown Rudnick Berlack Israels LLP
1 Financial Center
Boston, MA 02111

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 06/23/2004 |
| Response to the complaint filed (also see MRCP 12) | 08/22/2004 |
| All motions under MRCP 12, 19, and 20 filed | 08/22/2004 |
| All motions under MRCP 15 filed | 06/18/2005 |
| All discovery requests and depositions completed | 05/14/2006 |
| All motions under MRCP 56 served and heard | 07/13/2006 |
| Final pre-trial conference held and firm trial date set | 11/10/2006 |
| Case disposed | 03/25/2007 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session A sitting in **Civil A, Barnstable Superior Court.**

Dated: 03/25/2004

Scott W. Nickerson
Clerk of the Courts

BY:
Assistant Clerk

Location: Civil A
Telephone: (508) 375-6684

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-162 | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| BEVERLEE SCHWEIGHARDT and JOSEPH G. SCHWEIGHARDT | CHARLES G. AXELROD, Trustee for the Liquidation of W.S. Clearing, Inc. |

| ATTORNEY NAME, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| James W. Stoll, Esq. (BBO#544136) Robert L. Harris, Esq. (BBO#644829) Brown Rudnick Berlack Israels LLP One Financial Center Boston, MA 02111 (617) 856-8200 Board of Bar Overseers number: | SUPERIOR COURT BARNSTABLE SS FILED MAR 2 5 2004 _____ Clerk |

## Origin code and track designation

Place an X in one box only:

☒ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

☐ 4. F04 District Court Appeal c. 231, s.97 & 104 (After trial) (X)
☐ 5. F05 Reactivated after prescript relief from judgement/Order (Mass.R.Civ.P.60) (X)
☐ 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (Specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| D13 | Declaratory Judgment | (A) | (X) YES    ( )NO |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A.    Documented medical expenses to date:
  1.    Total hospital expenses................................................................................... $...............
  2.    Total Doctor expenses .................................................................................... $...............
  3.    Total chiropractic expenses ............................................................................ $...............
  4.    Total physical therapy .................................................................................... $...............
  5.    Total other expenses (describe) ..................................................................... $...............
                                                                              Subtotal   $...............
B.    Documented lost wages and compensation to date: ........................................... $...............
C.    Documented property damages to date: .............................................................. $...............
D.    Reasonably anticipated future medical and hospital expenses: ......................... $...............
E.    Reasonably anticipated lost wages: .................................................................... $...............
F.    Other documented items of damages (describe):

                                                                                          $...............
G.    Brief description of Plaintiff's injury, including nature and extent of injury (describe):

                                                                                          $...............
                                                                      TOTAL  $...............

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

See Attached Exhibit A

                                                                      TOTAL $...............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTRY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 3/25/04

## EXHIBIT A

This is an action for wrongful foreclosure arising out of a sheriff's sale conducted in derogation of the requirements of G.L. c.236, §1 et seq. As set forth fully below, the Defendant, a judgment creditor, failed to provide the Plaintiffs with adequate notice of the sale of the Plaintiffs' vacation home located at 2 Martha Lane, Harwich, Massachusetts. In addition, the defendant also unlawfully inflated the alleged debt by improperly accruing interest at a rate not permitted by law. As a result of defendant's illegal behavior, defendant was the sole bidder at the Sheriff's sale and ostensibly secured title to plaintiffs' $500,000 plus property for a bid of only $161,000, which itself was inflated by over $85,000 above the true debt.

SUPERIOR COURT
BARNSTABLE SS

FILED   MAR 2 5 2004

_____ Clerk

COMMONWEALTH OF MASSACHUSETTS

BARNSTABLE, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 04-1162

0752A000003/25/04CIVIL ENTR    240.00
0752A000003/25/04SURCHARGE      15.00
0752A000003/25/04SECC           20.00

| | |
|---|---|
| BEVERLEE SCHWEIGHARDT and JOSEPH G. SCHWEIGHARDT, <br><br> Plaintiffs <br><br> v. <br><br> CHARLES D. AXELROD, Trustee for the Liquidation of W.S. Clearing, Inc., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) **VERIFIED COMPLAINT AND JURY DEMAND** |

## INTRODUCTION

This is an action for wrongful foreclosure arising out of a sheriff's sale conducted in derogation of the requirements of G.L. c.236, §1 et seq. As set forth fully below, the Defendant, a judgment creditor, failed to provide the Plaintiffs with adequate notice of the sale of the Plaintiffs' vacation home located at 2 Martha Lane, Harwich, Massachusetts. In addition, the defendant also unlawfully inflated the alleged debt by improperly accruing interest at a rate not permitted by law. As a result of defendant's illegal behavior, defendant was the sole bidder at the Sheriff's sale and ostensibly secured title to plaintiffs' $500,000 plus property for a bid of only $161,000, which itself was inflated by over $85,000 above the true debt.

## PARTIES

1.    Plaintiff, Joseph Schweighardt ("Mr. Schweighardt"), is an individual with a personal residence located at 179 Alder Avenue, Wayne, New Jersey.

1

2.      Plaintiff, Beverlee Schweighardt ("Mrs. Schweighardt"), is an individual with a personal residence located at 179 Alder Avenue, Wayne, New Jersey.

3.      Defendant, Charles D. Axelrod, is an attorney licensed to practice law in the State of California.  Upon information and belief, Mr. Axelrod's professional activities include serving as a trustee in bankruptcy and bankruptcy-like situations such as liquidations.  Of relevance to this matter, Mr. Axelrod was appointed Trustee (the "Trustee") for the liquidation of W.S. Clearing, Inc. ("WSC"), a California corporation with its principal place of business in Glendale, California.

## PERSONAL JURISDICTION

4.      Jurisdiction exists over the defendant pursuant to the Massachusetts Long Arm Statute, G.L. c.223A, §1, as a result of the Trustee's tortious conduct that occurred both within the Commonwealth and outside of the Commonwealth causing injury within the Commonwealth.

## FACTUAL BACKGROUND

**A.      The Schweighardt Accounts**

5.      WSC was a registered broker-dealer and served as a clearing broker for approximately 18 introducing broker-dealers nationwide.  One of those introducing brokers was Cygnet Securities, Inc. ("Cygnet"), a broker located in New Jersey.

6.      On or about October 16, 1995, Mr. Schweighardt and Mrs. Schweighardt (collectively, the "Schweighardts") opened separate securities trading accounts at Cygnet (the "Cygnet Accounts").  The Schweighardts guaranteed one another's obligations with respect to the Cygnet Accounts.

2

7.    On or about February 27, 1997, Cygnet ceased operations when large margin positions accumulated in a number of its customer accounts resulted in a multi-million dollar deficit.  Upon information and belief, WSC ceased operations shortly thereafter.

**B.    WSC Liquidation Proceedings**

8.    On or about March 5, 1997, the Securities and Exchange Commission initiated liquidation proceedings under the Securities Investors Protection Act ("SIPA"), 15 U.S.C. § 78aaa-78lll, styled as In re: W.S. Clearing, Inc., Case No. 97-01493, in the United States Bankruptcy Court for the Central District of California (the "Liquidation Proceeding").  The Trustee was appointed to administer the Liquidation Proceedings.

9.    On or about January 28, 1998, the Trustee commenced adversary proceedings against various Cygnet customers, including the Schweighardts, alleging, among other things, that their respective accounts included margin positions that were immediately due and payable.

10.    In October, 1999, following a two (2) day bench trial, the Bankruptcy Court found the Schweighardts liable for their portion of the deficit balances in the Cygnet Accounts.  Thus, the court awarded the Trustee damages in the aggregate amount of approximately $527,013.07, inclusive of pre-judgment interests, costs and attorney's fees incurred through trial.  The awards were set forth in two separate judgments dated October 19, 1999 in the amount of $470,000 and January 4, 2000, in the amount of $53,000, (collectively, the "Federal Trial Court Judgments").

11.    In or about June 2000, the Schweighardts filed an appeal of the Federal Trial Court Judgments in the United States District Court for the Central District of

3

California (the "Appeal"). However, the Federal Trial Court Judgments were affirmed by the District Court and, ultimately, the Circuit Court of Appeals for the Ninth Circuit (the "Appeals Court").

12.    In May, 2002 the Trustee was awarded additional Attorneys' Fees incurred in connection with the Appeal in the amount of $36,151.00.

### C.    Enforcement of Trial Court Judgment

13.    Upon information and belief, following the exhaustion of all appeals, the Trustee, through his counsel, undertook efforts to domesticate the Federal Trial Court Judgments in New York, New Jersey and Massachusetts. The Trustee hired the law firm of LaBoeuf, Lamb, Greene & MacRae L.L.P. ("LaBoeuf") to conduct the post-judgment collection activities.

14.    Between January 2001 and January 2002, the Trustee successfully attached and liquidated brokerage accounts maintained by the Schweighardts. The liquidation of these accounts resulted in a recovery of cash in an amount of approximately $523,000, almost the entire face amount of the judgment.

15.    Simultaneously with these activities, the Trustee obtained an amended writ of execution from the United States Bankruptcy Court for the District of Massachusetts (the "Federal Writ"). A true and accurate copy of the Federal Writ dated January 10, 2001 is attached hereto as Exhibit A.

16.    Upon information and belief, the Trustee and/or his attorneys sent a copy of the Federal Writ to the Barnstable County Sheriff's office (the "Sheriff") directing the Sheriff to levy and record the Federal Writ against the Schweighardts' vacation home located at 2 Martha Lane, Harwich, Massachusetts (the "Vacation Home").

4

17.     Thereafter, on January 19, 2001, the Sheriff recorded the Federal Writ in the Barnstable County Registry of Deeds. In violation of G.L. c. 236, §§3, 4 and 44, the Sheriff failed to mail notice of the levy to the Schweighardts at their permanent residence in New Jersey. As of January 19, 2001, the Trustee knew that the Schweighardts permanently resided in New Jersey by virtue of, among other things, the Liquidation Proceedings.

18.     Approximately 11 months after causing the Sheriff to record the Federal Writ in the plaintiffs' chain of title, the Trustee instructed the Sheriff to institute foreclosure proceedings pursuant to Chapter 236. Thereafter, on or about December 12, 2001, the Sheriff purportedly served the Schweighardts by leaving a copy of the notice of the sale and the recorded Federal Writ at the Vacation Home. The service was defective under c.236, §§28 and 44, because the Schweighardts' principal residence was in New Jersey and the Sheriff was required and failed to mail the notice to them at that address.

19.     Upon information and belief, the Sheriff advertised the sale of the Schweighardts' Vacation Home in The Cape Cod Times on December 31, 2001, January 7, 2002 & January 14, 2002. The sale was scheduled for February 12, 2002.

20.     As stated in Paragraph 10 above, the original judgments from the California bankruptcy court totaled $527,013.07. In addition, as stated in Paragraph 14 above, between June 2001 and January 2002, the Trustee foreclosed on and liquidated previously attached brokerage accounts, yielding over $523,000 in cash. Despite this fact, as of the initially scheduled foreclosure dated (i.e., February 12, 2002), the Trustee represented that a deficit of $161,000 existed. This remaining balance consisted entirely of accrued post-judgment interest.

5

## D.    Excessive Post-Judgment Interest

21.    The Trustee wrongfully and illegally purported to accrue post-judgment interest at the Massachusetts state law rate of 12%. A true and accurate copy of the accounting indicating post-judgment interest accrued is attached hereto as Exhibit B. Because the judgments entered by the California bankruptcy court are federal court judgments, post-judgment interest may only be accrued at the rate specified in 28 U.S.C. §1961(a). Pursuant to §1961(a) post-judgment interest must be calculated from the date of entry of the judgment and at a rate equal to the calculated rate that is published immediately before the entry of judgment. A true and accurate copy of the interest rate table published in 28 U.S.C. §1961(a) is attached hereto as Exhibit C.

22.    The dates of judgment in this case were October 19, 1999 and January 4, 2000. Thus, the lawful interest rate was 5.41% and 5.997%, respectively.

23.    As a result of the Trustee's unlawful accrual of interest, the Trustee inflated the alleged deficiency owed by the Schweighardts by approximately $85,000.

## E.    Sheriff's Sale of Vacation Home

24.    In any event, upon information and belief, on February 12, 2002, the date of the scheduled sale, the Sheriff postponed the sale based on the written instructions of the Trustee's counsel. A true and accurate copy of the sheriff's Affidavit is attached hereto as Exhibit D. The sale was postponed by verbal declaration by the Sheriff at the auction site. The Schweighardts were not notified.

25.    Fortuitously, on February 13th, the Schweighardts visited the Vacation Home and, for the first time, discovered the notice of sale that had been left by the Sheriff

the preceding December. Alarmed, Mr. Schweighardt immediately telephoned Trustee's counsel to determine if the sale had occurred.

26.    Trustee's counsel, Thomas Fennerty, misrepresented to Mr. Schweighardt that the sale had been postponed indefinitely and that counsel would notify the Schweighardts in writing at their New Jersey home prior to any sale being rescheduled.

27.    Upon information and belief, the Trustee, through his counsel, intentionally deceived the Schweighardts into believing that the sale was postponed indefinitely when in fact it had been postponed for only a week. Moreover, at the time that Mr. Fennerty spoke with Mr. Schweighardt, Mr. Fennerty had no intention of providing future notice to the Schweighardts

28.    Thereafter, the Trustee postponed the sale three successive times for one week each by way of the same verbal declaration on the then rescheduled date.

29.    Despite his promises, neither Mr. Fennerty nor any other agent or representative of the Trustee ever notified the Schweighardts in New Jersey regarding the rescheduled sale. Consequently, the Schweighardts were not in attendance at the ultimate sale date.

30.    Ultimately, the Sheriff conducted the sale on March 12, 2002. Upon information and belief, the Trustee was the only party in attendance at the sale and was the sole bidder. The Trustee submitted a bid of $161,561.40 which amount purported to represent the remaining deficiency, but which amount was inflated by over $85,000 due to the unlawful accrual of post-judgment interest. At the time of the sale, the Vacation Home had an estimated fair market value in excess of $500,000.

31.     Following the sale, the Sheriff delivered a deed to the Vacation Home to the Trustee. Upon information and belief, the Trustee has to date not recorded the deed in the Registry of Deeds. The Schweighardts continued to occupy the Vacation Home since the sale date ignorant of the fact that the sale had occurred. Amongst other things, the Schweighardts have continued to receive and pay all tax assessments.

32.     On or about February 27, 2004, the Trustee, through his counsel, issued a Notice to Quit (the "Notice") to the Schweighardts. Specifically, the Notice demanded that the Schweighardts vacate the Vacation Home by March 15, 2004. A true and accurate copy of the Notice to Quit is attached hereto as Exhibit E.

33.     Despite requests that the Trustee refrain from any further action against the Schweighardts, the Trustee has stated that he intends to proceed with summary process proceedings pursuant to G.L. c. 239, §1 et seq.

## COUNT I
### (Common Law - Wrongful Foreclosure)

34.     The Schweighardts repeat and reallege the allegations set forth in paragraphs 1 through 33 above.

35.     The Trustee initiated foreclosure proceedings pursuant to G.L. c.236 with respect to the Vacation Home in an attempt to collect an alleged deficiency remaining on the Federal Trial Court Judgments that was wrongfully and illegally inflated by the accrual of post-judgment interest at a rate more than double that provided by federal law.

36.     At the Trustee's direction, the Sheriff conducted a public sale of the Vacation Home and ultimately conveyed the property to the Trustee as the sole bidder.

37.     The sale to the Trustee was wrongful for at least the following reasons:

8

a)    at the time of the recording of the Federal Writ, the Sheriff failed to provide the Schweighardts with the notice required by G.L. c.236;

b)    at the time that the foreclosure/sheriff's sale was originally "noticed", the Trustee failed to serve the Schweighardts with notice as required by G.L. c.236;

c)    after the first date of the originally scheduled sale, which had been postponed by the Sheriff upon the written instructions of the Trustee's counsel, the Schweighardts fortuitously discovered the intent to sell when they visited their Vacation Home; at that time, counsel for the Trustee misrepresented that the sale had been postponed indefinitely and that the Schweighardts would receive written notice at their New Jersey home if and when that sale was rescheduled; no such notice was ever sent or received;

d)    the Sheriff's sale was rescheduled four times at the direction of the Trustee's counsel for reasons other than attempting to maximize the value of the Vacation Home at sale; and

e)    the debt alleged by the Trustee to be owed as of the time of the first notice and subsequent sale, was wrongly inflated by more than 50% through the unlawful accrual of post-judgment interest at a rate more than twice that permitted by law.

38.    As a result of the Trustee's wrongful conduct, the sale of the Vacation Home is null and void.

39.    The Trustee's conduct has and continues to cause the Schweighrdts' significant damages.

### COUNT II
### (Declaratory Judgment – Violation of
### United States Constitution 14th Amendment)

40.    The Plaintiffs reassert and reallege each and every allegation of Paragraphs 1-39 above.

41.    The Trustee secured a Federal Writ from the United States Bankruptcy Court for the District of Massachusetts.

9

42.     Thereafter the Trustee retained a Sheriff to conduct a sale of the plaintiffs' property in accordance with G.L. c.236.

43.     As a result of these measures, state action sufficient to implicate the due process protections of the Fourteenth Amendment to the United States Constitution is established.

44.     The failure of the Sheriff to serve the Schweighardts as required by c.236, violated the Schweighardts' due process rights afforded by the Fourteenth Amendment to the United States Constitution.

45.     The Schweighardts have requested that the Trustee reconvey title to their Vacation Home back to them.

46.     As of this date, the Trustee has refused.

47.     Furthermore, the Trustee has issued a Notice to Quit to the Schweighardts demanding that they quit the premises.  The Notice is a precursor to a summary process proceeding necessary to physically dispossess the Schweighardts of possession.

48.     An actual case and controversy exists between the parties.

49.     This Court has the power to order complete and entire relief by:

   a)     declaring that the Trustee, through his agents, has violated the Schweighardts' due process rights under the Fourteenth Amendment of the United States Constitution;

   b)     declaring the conveyance by the Sheriff to the Trustee null and void;

   c)     order the Trustee and/or the Sheriff to engage in all activities necessary to remove any and all clouds on the title to the Schweighardts' property;

10

d)     order that the Trustee cease and desist from the use of any legal process designed to dispossess the Schweighardts of their Vacation Home; and

e)     award the Schweighardts their costs and attorneys' fees incurred in vindicating their constitutional rights.

## COUNT III
### (Lis Pendens)

50.     The Plaintiffs reassert and reallege each and every allegation of Paragraphs 1-49 above.

51.     As set forth above, the Trustee wrongfully foreclosed on the Schweighardts' Vacation Home by failing to serve notice as required by c. 236.

52.     Accordingly, the Trustee is wrongfully claiming title to the Schweighardts' property, has delivered a Notice to Quit and is preparing to initiate summary process proceedings to dispossess the Schweighardts from the property.

53.     As a result, this action involves the right to title to property and, pursuant to c.184, §15, the Schweighardts are entitled to an order of lis pendens.

## COUNT IV
### (Unjust Enrichment/Constructive Trust)

54.     The Plaintiffs reassert and reallege each and every allegation of Paragraphs 1-53 above.

55.     Through his wrongful conduct as detailed above, the Trustee has taken title to the Schweighardts' Vacation Home at a fraction of that property's fair value.

56.     Moreover, despite ostensibly holding lawful title, the Trustee refrained from recording in the Registry of Deeds the Sheriffs' Deed for over two years. As result,

11

the Schweighardts have continued to pay all real estate taxes and other their expenses ignorant of the Trustee's claim to title.

57.    As a result of the Trustee's wrongful conduct, the Schweighardts are entitled to damages in an amount necessary to compensate them for all harm suffered and to cause the Trustee to disgorge all profits or gains obtained.

58.    As a result of his wrongful conduct, the Trustee holds title to the Vacation Home in constructive trust for the Schweighardts.

## **PRAYERS FOR RELIEF**

WHEREFORE, the Schweighardts respectfully request that this Court:

1.    On Counts I and II, enter an award declaring the Sheriff's sale null and void and enjoining the Trustee and its agents, and any party with actual knowledge of this order, to take all measures necessary to clear title to the Schweighardt Vacation Home;

2.    On Count I, declare a violation by the Trustee of the Schweighardts due process rights, under the 14th Amendment to the United States Constitution;

3.    Enter an order enjoining the Trustee, his agents and assigns, from taking any action to dispossess the Schweighardts of their Vacation Home, including the institution of summary process proceedings pursuant to G.L. c. 239, §1 et seq.;

4.    On Count III, endorse a Memorandum of Lis Pendens suitable for recording in the registry of deeds;

5.    On Count IV, award the Schweighardts actual damages as well as any damages equal to any gains realized by the Trustee;

6.    On Count IV, declare a constructive trust over the Vacation Home for the benefit of the Schweighardts;

7.    On Counts I-IV award the Schweighardts their costs and attorneys fees incurred in bringing this action; and

8.    Such other and further relief as this Court deems just and appropriate.

12

## DEMAND FOR JURY TRIAL

The Schweighardts respectfully demand a trial by jury of any and all claim and demands so triable.

## VERIFICATION

I, Joseph Schweighardt, state that I have read the allegations set forth in the Verified Complaint and attest under oath that the factual allegations are true to the best of my knowledge, information and belief.

_____
Joseph Schweighardt

## VERIFICATION

I, Beverlee Schweighardt, state that I have read the allegations set forth in the Verified Complaint and attest under oath that the factual allegations are true to the best of my knowledge, information and belief.

_____
Beverlee Schweighardt

BEVERLEE SCHWEIGHARDT and
JOSEPH G. SCHWEIGHARDT,

By their attorneys,

_____
James W. Stoll (BBO# 544136)
Robert L. Harris (BBO# 644829)
Brown Rudnick Berlack Israels LLP
One Financial Center
Boston, MA  02111
(617) 856-8200

Dated: March 25, 2004